# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2540 | **DATE** | October 27, 2004 |
| **CASE TITLE** | Native American Arts v. Emma Aquino et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion to dismiss for failure to plead fraud with particularity [6-1] is granted. Defendants' alternative motion for a more definite statement [ ] is denied. Plaintiff may have until November 17, 2004 to file an amended complaint consistent with this order and with counsel's obligations under Fed. R. Civ. P. 11. Defendants may have until December 7, 2004 to file an answer or otherwise plead to any amended complaint. ENTER MEMORANDUM OPINION.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | OCT 29 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | | 12 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | 2004 OCT 28 AM 11:44 | date mailed notice | |
| KAM | courtroom deputy's initials | FILED Date/time received in central Clerk's Office | KAM mailing deputy initials | |
| | | (Reserved for use by the Court) | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIVE AMERICAN ARTS, INC., )
                            )
        Plaintiff,          )
                            )
    v.                      )
                            )   No. 04 C 2540
EMMA AQUINO and MOHAMMAD RAHMAN )
d/b/a EMMA'S STERLING SILVER )
JEWELRY,                    )
                            )
        Defendants.         )

DOCKETED OCT 29 2004

### MEMORANDUM OPINION

Before the court is defendants' motion to dismiss for failure to plead fraud with particularity pursuant to Rule 9(b). For the reasons stated below, the motion is granted.

### BACKGROUND

Plaintiff Native American Arts, Inc. has brought this action against defendants Emma Aquino and Mohammad Rahman, d/b/a Emma's Sterling Silver Jewelry, alleging that they falsely represented that goods they sold were Indian-made in violation of the Indian Arts and Crafts Act of 1990, 25 U.S.C. § 305e. ("the IACA" or "the Act").[1]

The following facts, drawn from the complaint and

---

[1] Consistent with the language used in the Act, we use the term "Indian" rather than "Native American." See 25 U.S.C. § 305e.

attached exhibits, are taken as true for purposes of this motion.[2] Plaintiff is an Indian arts and crafts organization within the meaning of the IACA. See 25 U.S.C. § 305e(d)(4) (an "Indian arts and crafts organization" is "any legally established arts and crafts marketing organization composed of members of Indian tribes."). It is wholly-owned by members of the Ho-Chunk Nation, a tribe recognized by the Bureau of Indian Affairs, and sells authentic Indian arts and crafts. Defendants own and operate a retail business with various locations in Illinois through which they sell artwork, crafts and jewelry, "including but not limited to products in a traditional Indian style motif and design." (Compl., ¶ 4.)

On December 21, 2002, plaintiff's agent purchased an "Indian Necklace" from defendants' Northbrook, Illinois store. (A photograph of the necklace is attached to the Complaint as Exhibit A.) At the time of purchase, a sales clerk stated that the necklace, as well as other "Indian-style artwork" displayed for sale, were authentic Indian-produced products. Three days later, plaintiff's agent purchased from the same store an "Indian Kokopelli Pendant," an "Indian Inlay Pendant" and an "Indian Bracelet." (Photographs are attached to the complaint as Exhibits

---

[2]Attachments to the complaint become a part of the complaint, and therefore may be considered in deciding a motion to dismiss without converting the motion into one for summary judgment. Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002).

B, C and D, respectively.) Again, at the time of purchase, a sales clerk stated that these items and other Indian-style artwork were authentic Indian-made products. Finally, on January 3, 2003, plaintiff's agent purchased a second "Indian Necklace" and "Indian Earrings" from defendants' store in Vernon Hills, Illinois, and once more a sales clerk stated that these pieces, along with other items displayed for sale, were authentic Indian-produced products. (Photographs are attached to the complaint as Exhibits E and F, respectively.)

Notwithstanding the sales clerks' representations, "on information and belief," none of the items displayed and offered for sale in defendants' stores, including those purchased by plaintiff, were authentic Indian-made products. Defendants have been displaying for sale and selling artwork, crafts and jewelry in a manner that falsely suggests the goods were Indian-made "for substantial periods of time, and possibly since November 9, 2000 and continuously thereafter to the present date." (Compl., ¶¶ 8-12, 20, 21.)

On these facts, plaintiff has brought a single-count complaint under the IACA, which allows an Indian arts and crafts organization to bring a civil suit "against a person who, directly or indirectly, offers or displays for sale or sells a good, with or without a Government trademark, in a manner that falsely suggests it is Indian produced, an Indian product, or the product of a

particular Indian or Indian tribe or Indian arts and crafts organization. . . ." 25 U.S.C. § 305e(a).[3] Plaintiff seeks compensatory damages, an injunction and attorneys' fees. Defendants now move to dismiss the complaint, or in the alternative, for a more definite statement, on the grounds that plaintiff has failed to plead its IACA claim with particularity under Rule 9(b).

## DISCUSSION

Fraud is the *sine qua non* of an action brought under the IACA, so Rule 9(b) applies to the complaint. The Rule requires that "[i]n all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity." Fed. R. Civ. P. 9(b). In our Circuit, this generally means pleading: "the identity of the person making the misrepresentation, the time,

---

[3]Under the original enactment of the IACA, only the United States Attorney General or an Indian tribe had standing to enforce its terms. Then, in 2000, Congress passed the Indian Arts and Crafts Enforcement Act which amended the IACA by, *inter alia*, allowing an action to be brought by an Indian arts and crafts organization. See 25 U.S.C. § 305e(c)(1)(C); S. Rep. No. 106-452, at 4 (2000) ("To date, there has not been a successful prosecution under the IACA. One of [the] obstacles in enforcing the IACA has been the lack of suits initiated by either the Attorney General and [sic] individual Indian tribes. Often these entities are not aggressive in bringing suits on behalf of individual artisans and/or artisan organizations because the Attorney General or an Indian tribe suffer no direct injury. Individual Indian artisans and artisan organizations suffer both financial and cultural injury from inauthentic Indian arts and crafts entering the market. By broadening standing under the statute, the Committee's intent is to encourage greater enforcement of the Act.")

place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir. 1997) (citation omitted). Put simply, Rule 9(b) particularity "means the who, what, when, where and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). The Rule is intended to "protect defendants' reputations, prevent fishing expeditions, and to provide adequate notice to defendants of the claims against them." Fugman v. Aprogenex, Inc., 961 F. Supp. 1190, 1194 (N.D. Ill. 1997).

Defendants first contend that the complaint is deficient under Rule 9(b) because it does not state the names of the sales clerks who allegedly made the fraudulent statements. Generally, compliance with Rule 9(b) requires a plaintiff to specifically identify the individual who allegedly made the misrepresentation. The Rule's requirements may be relaxed, however, when such particulars are inaccessible prior to discovery. See Emery v. American General Finance, 134 F.3d 1321, 1323 (7th Cir. 1998); Katz v. Household Int'l Inc., 91 F.3d 1036, 1040 (7th Cir. 1996). And here, plaintiff cannot be expected, at this stage of the litigation, to know the names of defendants' sales clerks; that information is exclusively within defendants' possession. Plaintiff's allegations concerning "who" made the alleged

misrepresentations therefore fall within the exception to Rule 9(b) that allows further particulars to be obtained by discovery.[4]

Next, defendants maintain that plaintiff has not adequately pled the "how", or the method of communicating, the alleged misrepresentations, arguing that the complaint "does not allege why or how those pieces [sold to plaintiff] or other certain pieces of jewelry could be mistaken for Indian produced jewelry." (Defs.' Mot., p. 2.) This argument is puzzling. Plaintiff's allegations in this regard could not be more clear - the items "could be mistaken for Indian produced jewelry" because, according to plaintiff, defendants' sales clerks *told* plaintiff's agents that the items *were* Indian-produced. Defendants' last argument is equally perplexing. They claim that the complaint insufficiently alleges the "what" of the misrepresentations because it "fails to even allege that the pieces depicted in the photographs and allegedly sold in violation of the IACA *are not Indian produced. . . .*" (Defs.' Mot., p. 2.) We direct defendants' attention to paragraph 21 of the complaint, which reads: "The Indian-style goods . . . offered for sale and sold by defendants . . . *are not and*

---

[4] Practically speaking, defendants should have little trouble identifying who among its sales clerks are alleged to have made the misrepresentations. Although the complaint refers to defendants' "stores," defendants' motion papers describe their retail operations as "keas," which are "portable display booths in the walkways of five Chicagoland malls." (Defs.' Mot., pp. 1-2.) Unlike many "stores" located in urban malls, these "keas," in all likelihood, are not staffed with scores of sales clerks at any given time.

*were not Indian produced. . . ."* (emphasis added.) Defendants' arguments are without merit.

But there is a problem with the complaint that has been overlooked. The allegation that defendants' goods in fact are not Indian-made is made on "information and belief." And while fraud allegations proffered on "information and belief" are not improper *per se*, they will comport will Rule 9(b) only if they are accompanied by an explanation as to why the facts are unavailable to plaintiff *and* a statement of the grounds for believing the existence of those facts. See Bankers Trust Co. v. Old Republic Insurance Co., 959 F.2d 677, 683-84 (7th Cir. 1992) ("Even before Rule 11 was amended to require [reasonable precomplaint inquiry], and *a fortiori* since, it was understood that the duty to plead the circumstances constituting fraud with particularity could not be fulfilled by pleading those circumstances on "information and belief" unless they were facts inaccessible to the plaintiff, in which event he had to plead the grounds for his suspicions.") (citations omitted). Plaintiff's contention that defendants' goods are not Indian-made is not an ancillary detail of the alleged fraud. It *is* the fraud. Allowing this complaint to go forward, then, without any articulated basis for plaintiff's suspicions or any explanation regarding the unavailability of information necessary to verify those suspicions, would be entirely at odds with the goals of Rule 9(b).

A final matter remains. In addition to the allegations of fraud on the three specific dates noted above, the complaint contains several paragraphs stating that defendants have sold goods in a manner that falsely suggested they are Indian-made "for substantial periods of time, and possibly since November 9, 2000 and continuously thereafter to the present date." (Compl., ¶¶ 8, 9, 20, 21.) Assuming these paragraphs are intended to be allegations on which relief is sought, and not mere background information, they are wholly inadequate under Rule 9(b). Devoid of any detail, these allegations appear to be nothing more than a "fishing expedition," that is, general averments of fraud cast in the hopes that subsequent discovery will uncover enough evidence to substantiate them.

Accordingly, because plaintiff's fraud allegations made on "information and belief" are improper, and other allegations lack any particulars whatsoever, the complaint is dismissed pursuant to Rule 9(b).

### CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for failure to plead fraud with particularity is granted. Defendants' alternative motion for a more definite statement is denied. Plaintiff may have until November 17, 2004 to file an amended complaint consistent with this order and with counsel's obligations under Fed. R. Civ. P. 11. Defendants may have until

December 7, 2004 to file an answer or otherwise plead to any amended complaint.

DATE: October 27, 2004

ENTER: _____

John F. Grady, United States District Judge